IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANNIE M. MCGOWAN                                                                PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:19-CV-44-TSL-JCG

COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the claimant Annie M. McGowan seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for Social Security disability benefits and supplemental security income. The Commissioner found that McGowan was not disabled, as defined by the Social Security Act, despite her severe impairments of depression, degenerative disc disease with radiculopathy, and obesity. The Administrative Law Judge (ALJ) determined that McGowan was unable to perform her past relevant work as a housekeeper. However, she concluded that work exists in the national economy that McGowan could perform. McGowan has filed a Brief in Support of Social Security Benefits. ECF No. 12. The Commissioner has filed a Motion to Affirm and a Memorandum. ECF Nos. 13 & 14. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that the Commissioner's Motion to Affirm be granted.

### I. Background

A. <u>Procedural Background</u>

McGowan was fifty-two years old on March 3, 2016, her alleged onset date.

She is five feet four inches tall and weighed over 180 pounds. She filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on April 19, 2017. McGowan's last date insured for purposes of her Title II application was December 31, 2016. McGowan's claims were initially denied on August 21, 2017 and upon reconsideration on September 27, 2017. McGowan filed her request for a hearing before an ALJ on October 18, 2017. The ALJ heard McGowan's case on March 28, 2018 in Jackson, Mississippi. The ALJ heard testimony from McGowan as well as from a vocational expert (VE). The ALJ issued a decision unfavorable to McGowan on April 27, 2018. ECF No. 11 at 16-29.

B. The ALJ's Findings

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. See 20 C.F.R § 404.1520. The burden of proving disability rests upon the claimant throughout the first four steps of this process, and if the claimant is successful in sustaining her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the

2

impairments listed in Appendix 1 of Subpart P to 20 C.F.R. pt. 404. 20 C.F.R. § 404.1520(d). Accordingly, if a claimant's impairments meet the requisite criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. § 404.1525.

Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and/or mental demands of her past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner at step five to prove, considering the claimant's residual functional capacity (RFC), age, education, and past work experience, that she is capable of performing other work. 20 C.F.R. § 404.1520(g)(1). If the Commissioner proves other work that the claimant can perform exists (in significant numbers in the national economy), the claimant is given the chance to prove that she cannot, in fact, perform that work. Muse, 925 F.2d at 789.

In the instant case, the ALJ found at step one that McGowan had not engaged in substantial gainful activity since March 3, 2016, the alleged onset date. ECF No. 11 at 18. At step two, the ALJ found that McGowan has severe impairments of depression, degenerative disc disease with radiculopathy, and obesity. *Id.* At step three, the ALJ determined that McGowan did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. § 404. *Id.* at 21.

Next, the ALJ determined that McGowan has the RFC to perform light work

with the following limitations:

> She can occasionally climb ramps or stairs, stoop, kneel, or crouch. She can never crawl. She can never climb ladders, ropes, or scaffolds. She is limited to simple, routine repetitive tasks. She can have occasional interaction with supervisors, coworkers, and the general public. She will need an at-will sit/stand option so long as she remains on task and at the workstation, if applicable.

*Id.* at 22. At step four, the ALJ concluded that McGowan could not return to her past relevant work as a housekeeper. *Id.* at 27. The ALJ moved to step five and found that there are jobs that exist in significant numbers in the national economy that McGowan could perform. *Id.* The VE testified that an individual of McGowan's age, education, work experience, and RFC could work as a dressing room attendant, a light unskilled job with 150,310 jobs in the national economy; a garment sorter, a light unskilled job with 210,500 jobs in the national economy; and an assembler of small products, a light unskilled job with 217,500 jobs in the national economy. *Id.* at 28.

McGowan requested review of the ALJ's decision by the Appeals Council on April 30, 2018. *Id.* at 236. The Appeals Council denied her request for review on December 11, 2018, thereby rending the ALJ's decision the final decision of the Commissioner. *Id.* at 5-10. Having exhausted her administrative remedies, McGowan commenced the present action on January 17, 2019. ECF No. 1.

## II. Standard of Review

Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings and whether

the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence "preponderates" against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Harrell*, 862 F.2d at 475).

### III. Discussion

McGowan alleges two assignments of error: (1) did the ALJ err by not considering her borderline age situation; and (2) was error committed when the VE and the ALJ held that there were light jobs that she could perform with an at will

sit/stand option?

A. <u>Borderline Age</u>

McGowan was born on July 18, 1963, making her 52 on her alleged onset date. Therefore, she was considered an individual closely approaching advanced age. ECF No. 11 at 27. However, at the time of the ALJ's decision, she was within three months of her fifty-fifth birthday. The ALJ noted:

> [a]lthough a borderline age situation exists because the claimant is within a few days to a few months of attaining the next higher age category and use of the higher age category would result in a finding of "disabled" instead of "not disabled," use of this age category is not supported by the limited adverse impact of all factors on the claimant's ability to adjust to other work.

*Id*. Nevertheless, McGowan argues that "[i]f the ALJ had considered Plaintiff's borderline age situation, and non-mechanically applied the medical vocational guidelines, Plaintiff would currently be in pay status and her claim would have been Partially Favorable . . . ." ECF No. 12 at 4.

Once the ALJ's analysis reaches step five, he or she must consider the claimant's RFC and other vocational factors, including age, in determining whether a claimant can perform other work. 20 C.F.R. § 404.1520(a)(4)(v). When evaluating a claimant's ability to do other work, the ALJ uses the categories of "younger person," "person closely approaching advanced age," and "person of advanced age." However, in a borderline situation, an ALJ "will not apply the age categories mechanically." Instead, when a claimant is "within a few days to a few months of reaching an older age category," and using that category "would result in a

determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." 20 C.F.R. § 404.1563; HALLEX § II 5-3-2. In this case, there is no argument that McGowan was of borderline age at the time of the ALJ's decision and the application of the higher age category would have resulted in a finding of disabled.

However, as stated in the case relied on by McGowan, "merely showing [the claimant] was within a few months of achieving 'advanced age,' does not automatically move [the claimant] into the 'advanced' category." Instead, "the Social Security Administration has considerable discretion as to whether it should advance a claimant to the next age group or decide [her] case based on [her] chronological age." *Nance v. Commissioner*, No. 1:16-cv-69-RP, 2017 WL 590300, at *3 (N.D. Miss. Feb. 14, 2017). The ALJ must determine if there are "additional vocational adversities," which involve "the presence of an additional impairment(s) which infringes upon—without substantially narrowing—a claimant's remaining vocational base." *Id.* at 4 (quoting HALLEX § II-5-3-2). "However, the finding of such adversities does not mandate using the higher age range. Rather the Hallex provides for a sliding scale approach." *Id.*

In *Vance*, the Court found that "the ALJ's decision does not demonstrate that the ALJ recognized the case as a borderline age case." Instead, "[t]he only clear indication in the decision that the ALJ considered plaintiff's age at all is the statement that 'claimant was born on May 19, 1959 and was 52 years old . . . on the

7

date the application was filed.'" *Id.* at 4-5. Therefore, this case is distinguishable, as the ALJ here explicitly acknowledged that it was a borderline situation before finding that using the higher age category was not warranted. ECF No. 11 at 27.

Granted, there is a split of authority as to the extent an ALJ is required to discuss a borderline age situation. *See Trevino v. Berryhill*, No. 7:16-cv-684, 2018 WL 1629211, at *8-12 (S.D. Tex. Mar. 16, 2018), *report and recommendation adopted*, No. M-16-684, 2018 WL 1626365 (S.D. Tex. Apr. 4, 2018) (The Sixth, Ninth, and Eleventh Circuits do not require an ALJ to explain if he considered the issue. The Third, Eighth, and Tenth Circuit do require the ALJ to explain whether he considered the issue. The Fifth Circuit has not ruled on the issue.); *Ware v. Colvin*, No. 3-12-cv-291-RFC, 2014 WL 4999276, at *7-9 (W.D. Tex. Oct. 7, 2014) (collecting cases). Nevertheless, it appears that when courts in this Circuit have determined that remand was appropriate, the ALJ did not acknowledge the borderline age issue. *Trevino*, 2018 WL 1629211, at *12; *Nance*, 2017 WL 590300, at *4-5. Because the ALJ explicitly acknowledged the borderline age situation, found that the "limited adverse impact of all factors on the claimant's ability to adjust to other work" did not warrant use of the higher age category, and relied on the VE's testimony in determining McGowan could perform other work, the undersigned finds that remand is not warranted on this issue. ECF No. 11 at 27-28. This case is distinguishable from *Nance*, on which McGowan relies.

B. <u>At Will Sit/Stand Option</u>

In her second assignment of error, McGowan argues that the at will sit or

8

stand option included in the RFC means she is limited to only sedentary work, which would require a finding of disabled pursuant to medical vocational guideline 201.09. The undersigned first notes that sit/stand options are frequently included in RFCs for light work. *See Lewis v. Colvin*, Civil Action No. 3:14-cv-137-CWR-LRA, 2015 WL 5224366, at *1 (S.D. Miss. July 12, 2015); *Mingo v. Colvin*, Civil Action No. 2:14-cv-67-KS-MTP, 2015 WL 4066757, at *14 (S.D. Miss. July 2, 2015); *Mendum v. Astrue*, No. 1:10-cv-537-LG-RHW, 2012 WL 899294, at *4 (S.D. Miss. Mar. 15, 2012). An ALJ is not required to specify the amount of time a claimant can sit or stand. *Lewis*, 2015 WL 5224366, at *6 (citing *Bowling*, 36 F.3d at 436).

Under SSR 83-12, when an "individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting," the "individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work . . . or the prolonged standing or walking contemplated for most light work." SSR 83-12, 1983 WL 31253, at *4. "In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications of the occupational base." *Id*. Presenting a hypothetical to the VE that incorporates the sit/stand option and asking the VE whether the jobs listed would allow for a sit/stand option is sufficient compliance with SSR 83-12. *Lewis*, 2015 WL 5224366, at *6; *Thouvenell v. Colvin*, No. 2:12-cv-119, 2013 WL 5405377, at *10 (N.D. Tex. Sept. 26, 2013) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170-71 (5th Cir. 1986)).

In the instant case, the ALJ specifically asked the VE whether there were

jobs available when an at will sit/stand option was incorporated into the RFC. ECF No. 11 at 62-64. The VE testified about several unskilled, light jobs that could be performed, and she testified that although the Dictionary of Occupational Titles does not address a sit/stand option, her testimony was based on her twenty plus years as a vocational consultant. *Id.* at 64-65. In her decision, the ALJ stated that McGowan could not perform the full range of light work, and in order to "determine the extent to which these limitations erode the unskilled light occupational base," she consulted a VE about jobs that exist for someone with McGowan's age, education, work experience, and RFC. *Id.* at 27-28. Therefore, the ALJ complied with SSR 83-12, and McGowan's argument concerning the at will sit/stand requirement is without merit.

## IV. Recommendation

Based on the above analysis, the undersigned recommends that the Commissioner's Motion to Affirm be granted.

## V. Notice of the Right to Object

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 22nd day of November, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE